UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK C. RODRIGUEZ,

                Petitioner,

v.                                            CASE NO. 03-CV-74919-DT
                                            HONORABLE GERALD E. ROSEN

KURT JONES,

                Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTIONS FOR A CERTIFICATE OF APPEALABILITY AND FOR APPOINTMENT OF COUNSEL ON APPEAL

Petitioner Frank C. Rodriguez has appealed the Court's denial of his habeas corpus petition. Currently pending before the Court are Petitioner's motions for a certificate of appealability and for appointment of counsel on appeal.

Petitioner has been convicted of conspiracy to deliver 650 or more grams of cocaine, MICH. COMP. LAWS § 750.157a; MICH. COMP. LAWS § 333.7401(2)(a)(i), possession with intent to deliver 50 to 224 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii), and two counts of delivery of less than 50 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iv). Petitioner was sentenced to life imprisonment for the conspiracy conviction, ten to thirty years in prison for the possession conviction, and two to thirty years in prison for each of the delivery convictions. The Michigan Court of Appeals affirmed Petitioner's convictions in a published opinion, *see People v. Rodriguez*, 251 Mich. App. 10; 650 N.W.2d 96 (2002), and on April 1, 2003, the Michigan Supreme Court denied leave to appeal. *See People v. Rodriguez*, 468 Mich. 880; 659 N.W.2d 241 (2003) (table).

The Court construed the habeas corpus petition to raise the following issues: (1) Petitioner's rights under the Double Jeopardy Clause were violated; (2) the trial court's jury

instructions were fatally defective; (3) Petitioner was denied his right to a unanimous verdict; (4) Petitioner was denied his right to present a defense by the trial court's ruling and the prosecutor's misconduct; (5) the admission of a nontestifying co-defendant's out-of-court statement violated Petitioner's rights under the Confrontation Clause, and trial counsel was ineffective for not objecting; (6) the prosecutor's additional misconduct requires reversal; (7) the trial court deprived Petitioner of his right to due process by admitting "other acts" evidence; (8) the trial court violated Petitioner's right not to be placed twice in jeopardy by failing to instruct the jury on similar acts evidence; (9) defense counsel's failure to request a limiting instruction on similar acts evidence violated Petitioner's right to effective assistance of counsel; (10) the trial court abused its discretion when denying Petitioner's motions for a separate trial; (11) the state court failed to uphold the "same transaction" test; (12) the trial court failed to instruct the jury that it must unanimously agree on the specific acts that equaled 650 grams; (13) amendments to state law rendered Petitioner's sentence cruel or unusual punishment under the Michigan Constitution; (14) the police and prosecutor engaged in sentencing entrapment; (15) Petitioner's pre-sentence information report contains incorrect information; (16) Petitioner is entitled to consideration for parole due to his cooperation with law enforcement officers; (17) Petitioner was improperly sentenced as a habitual offender; (18) Petitioner was denied effective assistance of trial and appellate counsel; and (19) the trial court erred in its order denying Petitioner's motion for relief from judgment and in failing to rule on certain issues. The Court addressed these claims on the merits and denied the habeas petition.[1] The Court nevertheless granted a certificate of

---

[1] The Court notes that with regard to its ruling on Petitioner's fifth claim -- admission of a nontestifying co-defendant's out-of-court statement in violation of Petitioner's Confrontation Clause rights and the ineffectiveness of his trial counsel for not objecting to the admission of this evidence -- the Opinion denying the habeas petition mistakenly states in footnote 4 that Fed. R.

appealability on Petitioner's claims that the Double Jeopardy Clause was violated, that the jury instruction on aggregation was defective, and that the prosecutor's remarks during her opening statement and closing arguments require reversal.

Petitioner seeks a certificate of appealability on two additional claims: (1) he should not have been sentenced as a habitual offender and (2) the sentencing court miscalculated the amount of credit to which Petitioner is entitled for time served. The Court did not address the latter claim in its dispositive opinion because it did not believe that Petitioner had raised the claim in his habeas petition. In any event, the claim is a state law issue, as is Petitioner's claim about his sentence as a habitual offender. Accordingly, Petitioner's motion for a certificate of appealability [Dkt. 79, June 18, 2009] is DENIED. Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and reasonable jurists would not find the Court's assessment of Petitioner's sentencing claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner also seeks appointment of counsel on appeal. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982 ) (*per curiam*)). This Court therefore lacks jurisdiction to address a motion for appointment of counsel after a notice of appeal is filed. *Murray v. Artl*, 189 Fed. Appx. 501, 504 (7th Cir. 2006) (unpublished). Petitioner's motion for appointment of counsel [Dkt. #78, June 18,

---

Evid. 801(d)(2)(E) was not applicable; it should have stated that the Michigan rule, M.R.E. 801(d)(2)(E), was inapplicable. Although substantively the mistake in citation is not material, pursuant to Fed. R. Civ. P. 60(a), the Court takes this opportunity to correct it here.

2009] is DENIED.

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated: July 8, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on      July 8, 2009      , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following            Brad H. Beaver                                    , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Frank Rodriguez, #261206, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811            .

                                    s/Ruth A. Brissaud
                                    Ruth A. Brissaud, Case Manager
                                    (313) 234-5137